UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:25-cv-00545-FLA (SK) | Date: June 10, 2025 |
| Title | Tarik Smith v. County of Riverside, et al. | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Absent a showing of good cause, an action must be dismissed if the summons and complaint are not served on a named defendant within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m).  Plaintiff filed his complaint on February 28, 2025, and the court issued summonses on March 25, 2025.  (ECF 1, 7–9).  Pursuant to the case management order, a copy of which is attached here, the deadline for plaintiff to serve the complaint and summons on each of the defendants named in this action passed on May 29, 2025.  (ECF 11).  Yet as of this order, the County of Riverside is the only defendant that has been served.  Meanwhile, plaintiff has not filed any proofs of service of his complaint against defendants Sarai Camacho and Rebecca Zamora within the 90-day period.  And the service deadline has passed with no request for an extension supported by good cause.  *See* Fed. R. Civ. P. 4(m).

Plaintiff is thus ORDERED TO SHOW CAUSE in writing on or before June 24, 2025 why this action should not be dismissed for lack of prosecution and failure to effectuate service of process.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) (Court has inherent power to dismiss for lack of prosecution on its own motion).  Plaintiff may discharge this order by filing proofs of valid service verifying that service was effectuated on defendants Camacho and Zamora within the 90-day deadline or by showing good cause for the failure to do so.  Failure to comply with or respond to this order on time may be deemed consent to the dismissal of those defendants from this action with no further notice or warning.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.